Robert L. Laman, Director Arkansas State Building Services 1515 Building, Suite 700 1515 West Seventh Street Little Rock, AR 72201
Dear Mr. Laman:
This is in response to your request for an opinion on several questions concerning contractors licensing requirements in connection with the construction of single-family residences on state property for state agency employees. Your specific questions are as follows:
 1. Is a state agency mandated under the public works laws to require that both the general contractor and subcontractors be licensed for capital improvement projects (over $50,000), which consist of the construction of single family residences? That is to say, is a single-family residence constructed on state property which utilizes state funds for the construction, a "structure on public property"? (A.C.A. § 17-25-101)
 2. If not, is a state agency prohibited from requiring a contractor to be licensed for work on a capital improvement if that project valued at more than $20,000 consists of construction of a single-family residence? In other words, may a state agency require a license for such work, even if the State Licensing Board states no license is required?
 3. If the State cannot require a contractor to be licensed, would the exemption found in A.C.A. § 17-25-101 extend to subcontractors as stated in A.C.A. § 22-9-204 as well on State projects consisting of single-family residences over $50,000?
 4. If the exemption extends to subcontractors, how can it be reconciled with A.C.A. § 22-9-204, which requires that on projects over $50,000 subcontractors must be licensed and listed on the bid submittal? If subcontractors are exempt from licensure on state residential projects, is the contractor still mandated under that code provision to list them on his bid submittal?
It is my opinion, in response to your first question, that a single-family residence constructed on state property falls within the exemption under A.C.A. § 17-25-101, wherein it defines "contractor" as any person who, inter alia, submits a bid to construct "any building . . . or any other improvement or structure on public or private property for lease, rent, resale, public access, or similar purpose, exceptsingle-family residences. . . ." A.C.A. § 17-25-101(a) (Repl. 1995) (emphasis added). It thus seems clear that the contractors licensing law does not require a licensed contractor when the improvement or structure is a single-family residence constructed on either state (public) or private property.
With regard to your specific question, while it is my opinion that the above exemption would apply to the general contractor, a question arises with respect to subcontractors on projects over $50,000, in light of A.C.A. § 22-9-204 (Repl. 1996). As you note, this Code provision requires the use of licensed subcontractors where the total bid submitted by the prime contractor exceeds $50,000. Id. at subsections (a) and (f). As discussed in response to your third question, infra, it is my opinion that § 22-9-204 will require the use of licensed subcontractors on state projects consisting of single-family residences over $50,000, notwithstanding the exemption in § 17-25-101, supra.
In response to your second question, I find nothing generally prohibiting a state agency from requiring a contractor to be licensed as a condition to performing such work, notwithstanding the fact that licensure is not required under the contractors licensing law. Such a requirement in connection with public works projects would presumably bear a rational relationship to a legitimate state goal, i.e., obtaining the lowest cost consistent with ability and responsibility. I believe that as a party to the contract, a state agency could impose this requirement. It would presumably be done through the bid or award process. See, e.g., A.C.A. §22-9-203(c)(1)(G) (Supp. 1997) (regarding the inclusion of other necessary or desirable facts or information in the bid notice).
Your third question is premised upon the conclusion that a state agency cannot require a contractor to be licensed, and thus on its face does not require a response in light of my determination that licensure may be required. I will nevertheless address the issue concerning subcontractors as this presents an interesting and perhaps anomalous situation under current law. I am of course constrained to interpret the law as written. In this regard, it must be noted that in the case of subcontractors on public works projects exceeding $50,000, A.C.A. § 22-9-204 provides:
 (f)(1) It shall be a violation of this section for any prime contractor to submit a bid listing unlicensed contractors or to use unlicensed contractors on a public works project.
 (2) It shall be a violation of this section for any subcontractor who is not licensed by the Contractors Licensing Board to contract to perform work on a public works project.
This provision applies specifically to "public works projects" and as such will, in my opinion, prevail over the more general contractors licensing requirements contained in A.C.A. § 17-25-101. See generallyBrown Root, Inc. v. Hempstead County Sand Gravel, Inc.,767 F.2d 464 (8th Cir. 1985) (noting that where a special statute governs a particular subject, it will apply instead of a general law). Thus, although § 17-25-101 would ordinarily exempt subcontractors from the general licensing requirement where the improvement or structure was a single-family residence, it is my opinion that the plain language of §22-9-204 will nevertheless require that the subcontractors be licensed if the project is a state, i.e., public works project exceeding $50,000. In my opinion, the exemption in § 17-25-101 will not extend to subcontractors in that instance.[1]
It should perhaps be noted, however, that § 22-9-204 appears to be directed solely toward subcontractors. Thus, in my opinion, the exemption in § 17-25-101 for single-family residences will extend to the general contractor, even if it is a state project over $50,000 for which the subcontractors must be licensed in accordance with § 22-9-204. To the extent this is viewed as an anomaly, resort to legislative clarification or correction will, I believe, be necessary.
A response to your final question is unnecessary in light of the above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] It was similarly concluded with regard to another apparent discrepancy between § 22-9-204 and § 17-25-101 that all subcontractors on projects exceeding the amount stated in § 22-9-204 ($20,000 at that time) must be licensed, notwithstanding the fact that § 17-25-101 would not otherwise have required the subcontractors to be licensed where the amount of the subcontract was less than $20,000. See Op. Att'y Gen.86-320 (copy enclosed).